# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>JOHN A. KUNTZ, JR.,<br> Debtor,<br>NATIONSTAR MORTGAGE LLC D/B/A CHAMPION MORTGAGE COMPANY,<br> Movant,<br>v.<br>JOHN A. KUNTZ, JR., and<br>WILLIAM C. MILLER, ESQ., Ch. 13 Trustee<br> Respondents. | Bankruptcy No. 13-12633-amc<br><br>Chapter 13<br><br>Doc. No. |

**MOTION OF NATIONSTAR MORTGAGE LLC D/B/A CHAMPION MORTGAGE COMPANY FOR RELIEF FROM THE AUTOMATIC STAY TO PERMIT NATIONSTAR MORTGAGE LLC D/B/A CHAMPION MORTGAGE COMPANY TO FORECLOSE ON 48 PINEOAKA ROAD, JACKSON, NJ 08527**

Secured Creditor, NATIONSTAR MORTGAGE LLC D/B/A CHAMPION MORTGAGE COMPANY, by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 362(d), for a modification of the automatic stay provisions for cause, and, in support thereof, states the following:

1. Debtor, John A. Kuntz, Jr., filed a voluntary petition pursuant to Chapter 13 of the United States Bankruptcy Code on March 27, 2013.

2. Jurisdiction of this cause is granted to the Bankruptcy Court pursuant to 28 U.S.C. § 1334, 11 U.S.C. § 362(d), Fed. R. Bankr. P. 4001(a), and all other applicable rules and statutes affecting the jurisdiction of the Bankruptcy Courts generally.

3. On May 25, 2011, June C Kuntz, executed and delivered a Promissory Note ("Note") and Reverse Mortgage ("Mortgage") securing payment of the Note up to a maximum principal amount of $600,000.00 to Wells Fargo Bank, N.A. The Mortgage was recorded on June 2, 2011 in Book 14901 at Page 1946 of the Public Records of Ocean County, New Jersey. The loan was transferred to Secured Creditor. True and accurate copies of documents establishing a perfected security interest and ability to enforce the terms of the Note are attached hereto as Composite Exhibit "A." The documents include copies of the Note with any required indorsements, Recorded Mortgage, Assignment(s) of Mortgage, and any other applicable documentation supporting the right to seek a lift of the automatic stay and foreclose, if necessary.

4. The Mortgage provides Secured Creditor a lien on the real property located in Ocean County, New Jersey and legally described as stated in Composite Exhibit "A."
This property is located at the street address of: 48 Pineoaka Road, Jackson, NJ 08527.

5. The terms of the aforementioned Note and Mortgage have been in default, and remain in default, since September 21, 2014. The terms and conditions of the Note and Reverse Mortgage are in default due to Borrower's death and the subject property not being occupied as the principal residence of any surviving borrower.

6. Secured Creditor is due the following amount as of December 31, 2017:

| Principal Balance | $429,869.15 |
|---|---|
| Interest | $1,787.78 |
| MIP | $441.65 |
| Total Payoff | $432,098.58 |

7. According to Zillow, the value of the property is $456,131.00. See Exhibit "B" which is attached hereto and permissible as a property valuation under Fed. R. Evid. 803(8).

8. The property is not included in the Debtor(s)' Confirmed Amended Chapter 13 Plan (Docket No.24).

9. As such, the loan is in default and the Debtor has made no provision to protect the collateral.

10. Secured Creditor's security interest in the subject property is being significantly jeopardized by Debtor(s)' failure to comply with the terms of the subject loan documents while Secured Creditor is prohibited from pursuing lawful remedies to protect such interest. Secured Creditor has no protection against the erosion of its collateral position and no other form of adequate protection is provided.

11. If Secured Creditor is not permitted to enforce its security interest in the collateral or be provided with adequate protection, it will suffer irreparable injury, loss, and damage.

12. Secured Creditor respectfully requests the Court grant it relief from the Automatic Stay in this cause pursuant to §362(d)(1) of the Bankruptcy Code, for cause, namely the lack of adequate protection to Secured Creditor for its interest in the above stated collateral.

13. Secured Creditor has incurred court costs and attorney's fees in this proceeding and will incur additional fees, costs and expenses in foreclosing the Mortgage and in preserving and protecting the property, all of which additional sums are secured by the lien of the Mortgage. Secured Creditor seeks an award of its reasonable attorneys' fees and costs, or alternatively, leave to seek recovery of its reasonable attorneys' fees and costs in any

pending or subsequent foreclosure proceeding.

14. Once the stay is terminated, the Debtor(s) will have minimal motivation to insure, preserve, or protect the collateral; therefore, Secured Creditor requests that the Court waive the 14-day stay period imposed by Fed.R.Bankr.P. 4001(a)(3).

15. A Proposed Order accompanies this Motion. See Exhibit "C" attached hereto.

**WHEREFORE**, Secured Creditor, prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d) to permit Secured Creditor to take any and all steps necessary to exercise any and all rights it may have in the collateral described herein, to gain possession of said collateral, to seek recovery of its reasonable attorneys' fees and costs incurred in this proceeding, to waive the 14-day stay imposed by Fed.R.Bankr.P. 4001(a)(3), and for any such further relief as this Honorable Court deems just and appropriate.

Date: 1/3/18

Robertson, Anschutz & Schneid, PL
6409 Congress Avenue, #100
Boca Raton, FL 33487
Tel: (561) 241-6901
Fax: (561) 241-1969

By: /s/ Kevin Buttery
Kevin Buttery, Esquire
PA I.D. 319438
kbuttery@rascrane.com